**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
14 Penn Plaza, 22nd Floor
New York, New York 10122
Telephone: (212) 300-0375

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAXIMILLIAN TENDLER, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br>**-against-**<br><br>**ELEVENTY USA, LLC**<br><br>**Defendant.** | **No.**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Maximillian Tendler ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiff and similarly situated non-exempt hourly workers, including sales associates, who received commissions (collectively, "Hourly Workers") and who work or have worked for Eleventy USA, LLC ("Eleventy" or "Defendant").

2. Eleventy sells clothing and accessories at retail boutiques in the United States. Its U.S. store locations include New York, New York, Beverly Hills, California, and Palm Beach and Bal Harbour, Florida.

3. At all relevant times, Defendant has compensated Plaintiff and all other Hourly

Workers on an hourly basis.

4. At all relevant times, Defendant has also paid Plaintiff and all other Hourly Workers sales commissions calculated as a set percentage of their individual sales.

5. At all relevant times, Defendant paid Plaintiff and all other Hourly Workers an overtime rate that failed to calculate their commissions, as required by law.

6. Defendant failed to furnish Plaintiff and similarly situated Hourly Workers in New York with accurate statements of wages pursuant to NYLL § 195(3). Plaintiff relied on his paystubs to ensure that Defendant paid him the correct rates for the hours he worked.

7. Defendant's wage statements misinformed Plaintiff and similarly situated Hourly Workers in New York about the overtime rates they were entitled to receive. The incorrect statements allowed Defendant to continue its unlawful wage and hour practice without their awareness that they were being underpaid.

8. Plaintiff brings this action on behalf of himself and all other similarly situated Hourly Workers nationwide who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

9. Plaintiff also brings this action on behalf of himself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Articles 6 and 19 ("NYLL"), and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

**Maximillian Tendler**

10. Maximillian Tendler ("Tendler") is an adult individual who resides in New York, New York.

11. Defendant employed Tendler as a sales associate at its Upper East Side boutique in Manhattan from approximately March 2026 through July 2026.

12. Tendler was a covered employee within the meaning of the FLSA and the NYLL.

13. A written consent form for Tendler is being filed with this Class Action Complaint.

**Defendant**

**Eleventy USA, LLC**

14. Eleventy USA, LLC is a limited liability company organized under the laws of Delaware.

15. Eleventy USA, LLC's principal place of business is located at 521 Madison Avenue, 3rd Floor, New York, New York 10022.

16. Eleventy USA, LLC employed Plaintiff and similarly situated Hourly Workers within the meaning of 29 U.S.C. § 203(d) and NYLL §§ 190(3) and 651(6). Defendant controlled their rates and methods of pay, tracked their hours and sales commissions, and issued their wage statements.

17. At all relevant times, Eleventy USA, LLC was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A). Its annual gross volume of sales exceeded $500,000, and its employees handled and sold merchandise that had moved in interstate or foreign commerce.

18. At all times relevant, Eleventy USA, LLC has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.

19. In this regard, employees for Eleventy USA, LLC regularly handled goods in interstate commerce, including, but not limited to, clothing, shoes, and accessories.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a) because they arise from the same compensation practices.

21. Defendant is subject to personal jurisdiction in New York. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to his claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings the First Cause of Action under the FLSA on behalf of himself and the following similarly situated persons who elect to opt in to this action:

> All current and former Hourly Workers of Defendant in the United States who worked more than 40 hours in a workweek for which they earned commissions between November 20, 2023 and the date of final judgment in this matter (the "FLSA Collective").

23. Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective for their overtime hours worked.

24. Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay, including earned commission, for all hours worked beyond 40 per workweek.

25. All of the work that Plaintiff and the FLSA Collective have performed has been

assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

26. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the correct overtime wages for all hours worked in excess of 40 hours per workweek.

27. Defendant's violation was willful. Defendant separately recorded the hourly wages, overtime hours, overtime premiums, and commissions it paid. It recognized that an overtime premium was due and repeatedly calculated that premium at one-half of the base hourly rate.

28. Even after it calculated and paid sales commissions, Defendant continued to exclude those earnings from the overtime calculation, in reckless disregard of its obligation to include them.

**NEW YORK CLASS ACTION ALLEGATIONS**

29. Plaintiff brings the Second and Third Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All current and former Hourly Workers of Defendant in New York who worked more than 40 hours in a workweek for which they earned commissions between November 20, 2020 and the date of final judgment in this matter (the "NYLL Class").

30. The members of the NYLL Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

31. The exact number and identities of the members of the NYLL Class can be determined from Defendant's personnel, timekeeping, and payroll records.

32. Plaintiff's claims are typical of those claims that could be alleged by any member of the NYLL Class, and the relief sought is typical of the relief which would be sought by each member of the NYLL Class in separate actions.

33. Plaintiff and the NYLL Class have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the NYLL Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the NYLL Class.

34. Plaintiff is able to fairly and adequately protect the interests of the NYLL Class and has no interests antagonistic to the NYLL Class.

35. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate Defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

37. Common questions of law and fact exist as to the NYLL Class that predominate over any questions only affecting Plaintiff and/or each member of the NYLL Class individually and include, but are not limited to, the following:

(a) whether Defendant correctly compensated Plaintiff and the NYLL Class for hours worked in excess of 40 per workweek;

(b) whether Defendant furnished Plaintiff and the NYLL Class with wage statements that misstated their overtime rates and concealed the resulting underpayments.

## PLAINTIFF'S FACTUAL ALLEGATIONS

**Maximillian Tendler**

38. From approximately March 2026 through July 2026, Tendler worked as a sales associate at Eleventy's Upper East Side boutique. Tendler generally worked approximately 44 hours per week. Defendant paid him $30.00 per hour plus a sales commission based on a set percentage of his individual sales.

39. During his employment, Tendler frequently worked over 40 hours per week. In weeks where Tendler worked over 40 hours per week and earned commission, Defendant failed to calculate the overtime rate including commissions.

40. For example, during the workweek of July 12 through July 18, 2026, Tendler worked 43.2167 hours. Defendant's July 31 earnings statement lists 40 regular hours at $30.00, 3.2167 hours of "OT Straight" at $30.00, and the same 3.2167 hours of "OT Premium" at $15.00. Defendant paid $96.50 in straight time and a $48.25 premium for those overtime hours. *See* **Exhibit A** at 14.

41. For example, for the pay period of March 22 through April 4, 2026, Tendler worked 4.6333 hours of overtime. Defendant paid him $45.00 per overtime hour, which failed to account for his sales commissions. The April 10 statement lists a $2,487.80 commission, $139.00 in "OT Straight," and $69.50 in "OT Premium." *See* **Exhibit A** at 3.

42. Defendant also issued separate commission checks. For the pay period of April 19 through May 2, 2026, Tendler's May 8 hourly earnings statement shows 6.3167 overtime hours, a $94.75 premium at $15.00 per hour, and $503.75 in year-to-date overtime premiums. *See* **Exhibit**

**A** at 6.

43. Defendant's separate May 8 commission statement for the same pay period shows a payment of $5,283.20. It lists no overtime adjustment with that payment, and year-to-date overtime premiums remained $503.75. *See* **Exhibit A** at 5.

44. The same pattern appears on the July 3 and July 10 statements for the pay period of June 14 through June 27. On July 3, Defendant paid Tendler $22.75 in overtime premiums for 1.5167 hours at $15.00 per hour. On July 10, Defendant paid him a $4,582.44 commission. Year-to-date overtime premiums remained $683.00 on both statements. *See* **Exhibit A** at 11–12.

45. Tendler relied on his wage statements to determine whether Defendant paid him correctly. The hourly statements identified a $15.00 "OT Premium," and the commission statements separately reported his commissions. Neither disclosed the higher overtime rate due for the workweeks in which he earned commissions or the additional premium owed for those weeks.

46. By presenting the base-rate premium as the entire overtime premium due, Defendant's statements misinformed Tendler about the rate he was entitled to receive. As a result, Tendler was unaware he was being underpaid and did not seek payment of the difference while Defendant continued to pay him at the lower rate, delaying his recovery of the withheld wages.

## **FIRST CAUSE OF ACTION**
### **Fair Labor Standards Act – Overtime Wages**
### **(Brought on behalf of Plaintiff and the FLSA Collective)**

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the FLSA Collective.

49. Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

50. Defendant failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay, including commissions, for all hours worked in excess of 40 per workweek.

51. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiff and the NYLL Class)**

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the NYLL Class.

54. Defendant failed to pay Plaintiff and the NYLL Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay, including commissions – for all hours worked beyond 40 per workweek.

55. Due to Defendant's violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the NYLL Class)**

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. NYLL § 195(3) required Defendant to furnish Plaintiff and the NYLL Class with a wage statement with every payment of wages setting forth, among other things, their regular hourly rates and overtime rates of pay.

58. Defendant furnished wage statements that misstated the overtime rates of Plaintiff and the NYLL Class by excluding their earned commissions. When Defendant paid those commissions, its statements failed to reflect the correct overtime rates for the workweeks to which those commissions were attributable.

59. Plaintiff and the NYLL Class relied upon Defendant's wage statements to determine whether they were paid correctly. The inaccurate statements misinformed them about their compensation and allowed Defendant to continue its unlawful pay practice without their awareness that they were being underpaid, delaying their recovery of the withheld wages.

60. Due to Defendant's violations of NYLL § 195(3), Plaintiff and the NYLL Class are entitled to statutory damages of two hundred fifty dollars for each workday that the violations occurred or continued, up to a total of five thousand dollars each, and reasonable attorneys' fees and costs pursuant to NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective and the NYLL Class, respectfully requests that this Court grant the following relief:

A. Authorization to issue notice of this action to the FLSA Collective and to advise its members of their right to join this action pursuant to 29 U.S.C. § 216(b);

B. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Designation of Plaintiff as representative of the NYLL Class and counsel of record as Class Counsel;

D. Unpaid overtime wages and liquidated damages pursuant to the FLSA and the NYLL;

E. Statutory damages pursuant to NYLL § 198(1-d);

F. Pre-judgment and post-judgment interest as provided by law;

G. Reasonable attorneys' fees and costs of the action; and

H. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
November 20, 2026

Respectfully submitted,

*/s/ Brian S. Schaffer*
Brian S. Schaffer

**Fitapelli & Schaffer, LLP**
Brian S. Schaffer
Hunter G Benharris
14 Penn Plaza, 22nd Floor
New York, New York 10122
Telephone: (212) 300-0375

*Attorneys for Plaintiff and the Putative Class*